UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW HAMPSHIRE INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY LTD., ZURICH INSURANCE COMPANY, GERLING KONZERN ALLGEMEINE VERSICHERUNGS AG, and ASSICURAZIONI GENERALI S.p.A., <br><br> Defendants. | No. 04-3027- STA/cgc |

## ORDER

Before the Court by way of Order of Reference for determination is the Joint Motion for Protective Order (D.E. # 301) filed by Defendants New Hampshire Insurance Company, Allied World Assurance Company, LTD, Zurich Insurance Company, Gerling Konzern Allgemeine Versicherungs AG, and Assicurazioni Generali, S.P.A. and the Motion for Preclusion and Protective Order (D.E. # 318) filed by Plaintiff Smith & Nephew, Inc.

In essence, each of these motions revisit District Judge S. Thomas Anderson's October 7, 2010 Order (D.E. # 274) that Smith & Nephew was to produce all documents provided to the FDA in connection with the 2006 EIR and this Court's December 16, 2010 Amended Scheduling Order (D.E. #288). The Revised Scheduling Order entered by Judge Anderson on June 12, 2009 (D.E. # 205) set the bar date for the close of fact discovery on February 22, 2010. On October 6, 2010, the Defendants filed an emergency motion for relief from the scheduling order to allow for supplemental discovery related to the 2006 EIR. That motion resulted in the Orders at D.E. # 274 and 288. The Defendants now move for an order to preclude Smith & Nephew from

B3818976.1

- 2 -

addressing at Fed. R. Civ. P. 30(b)(6) depositions any area of inquiry that is outside the scope of the supplemental discovery related to the 2006 EIR.  Likewise, Smith & Nephew seeks a order precluding the Defendants from seeking discovery that is unrelated to the 2006 EIR.

The Court agrees with both sides in this disagreement – the supplemental discovery permitted by the Orders at D.E. # 274 and 288 is necessarily narrow.  This case is seven years old and at the very latest fact discovery should have been completed at the end of February 2010.  There has been no reason shown in the emergency motion requesting additional discovery or in subsequent motions why the discovery ordered in October 2010 should exceed the scope of the 2006 EIR documents.  This discovery period does not reopen all discovery in this case.  Because of the circumstances surrounding the late disclosure of the 2006 EIR, the Defendants will be granted *limited* latitude to take discovery from Smith & Nephew regarding document retention policies from 2006 forward.

The fact discovery phase is set to end on June 1, 2011.  This deadline will be extended to **July 1, 2011**.

**IT IS SO ORDERED** this 19th day of May, 2011.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE