**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**SMITH & NEPHEW, INC.,**

  **Plaintiff,**

v.                                          **No. 2:04-CV-03027-STA-cgc**

**NEW HAMPSHIRE INSURANCE
COMPANY, ALLIED WORLD ASSURANCE
COMPANY LTD., ZURICH INSURANCE
COMPANY, GERLING KONZERN
ALLGEMEINE VERSICHERUNGS AG,
and ASSICURAZIONI GENERALI S.p.A.,**

  **Defendants.**

**ADDENDUM TO ORDER GRANTING DEFENDANTS' JOINT MOTION TO COMPEL
PRODUCTION OF ALL DOCUMENTS REGARDING THE SAME SUBJECT MATTER
AS THE DOCUMENTS PLAINTIFFS PREVIOUSLY PROVIDED TO THE FDA**

        On May 19, 2011, Magistrate Judge Charmiane G. Claxton entered an Order Granting

Defendant's Joint Motion to Compel Production of All Documents Regarding the Same Subject

Matter as the Documents Plaintiffs Previously Provided to the FDA (Docket Entry "D.E." #327).

The Order concluded that Rule 26 permits discovery of all documents of the same subject matter[1]

as those provided to the FDA subject to the Protective Order, but that it is not appropriate at this

time to determine whether any asserted privilege has been waived pursuant to Rule 502 of the

Federal Rules of Evidence.   Following the entry of the Order, the Court held a Status Conference

_____

        [1] The parties have submitted a Joint Subject-Matter Listing ("Joint Subject-Matter
Listing") for Purposes of In-Camera Review.  (D.E. #305).

1

on May 26, 2011 to consider whether in-camera review remained necessary in light of the Order. At the hearing, the Court determined that further in-camera review would be required. Specifically, the Court advised that it would conduct in-camera review of Packets 5 and 6 of the April 1, 2011 and April 11, 2011 in-camera submissions. Further, the Court ordered that further documents and proposed redactions of the April 1, 2011 and April 11, 2011 submissions in Packet 4 would be reviewed in-camera. On June 3, 2011, Smith & Nephew submitted the post-hearing documents for in-camera review in Packets A and B. This Addendum sets forth the Magistrate Judge's determination following the in-camera review.

### I. Analysis

#### a. *Packet 5 from April 1, 2011 and April 11, 2011*

The Court conducted an in-camera review of Packet 5 from Smith & Nephew's April 1, 2011 and April 11, 2011 submissions. Packet 5 contained copies of documents Defendants have designated from Smith & Nephew's privilege log that have been withheld from Defendants (I) as privileged attorney/client communications and/or attorney opinion work product, and (ii) as falling entirely outside the scope of the Joint Subject-Matter Listing. The Court's May 19, 2011 Order has already determined that documents could not be withheld from discovery on the basis of attorney-client privilege or work product protection[2]; however, the Court concluded that in-camera review was appropriate on the issue of whether the documents in Packet 5 fell within the scope of the Joint Subject-Matter Listing.

---

[2] Smith & Nephew argues that it should not be required to disclose attorney-opinion work product or documents protected by the attorney-client privilege as "after-the-fact outside counsel work-product for remedial/self-critical purposes." However, the Court's May 19, 2011 Order does not distinguish these two categories as exempt, as Rule 502 does not make any such distinction.

2

Upon in-camera review, the Court finds that the following documents from Packet 5's April 1, 2011 submission are discoverable:  PRIV015004, PRIV015005, PRIV017929, PRIV017930, PRIV017931, PRIV041540, PRIV041567, PRIV041629, PRIV041660.

Further, the Court finds that the following documents from  Packet 5's April 11, 2011 submission are discoverable:  PRIV000796, PRIV000893, PRIV000894, PRIV000949, PRIV000950, PRIV001236, PRIV001238, PRIV001246, PRIV001247, PRIV001248, PRIV001880, PRIV001881, PRIV001882, PRIV002024, PRIV002027, PRIV002119, PRIV002120, PRIV002121, PRIV002158, PRIV002159, PRIV002160, PRIV002164, PRIV002165, PRIV003118, PRIV003119, PRIV003125, PRIV003126, PRIV003321, PRIV003322, PRIV003458, PRIV003476, PRIV003640, PRIV004480, PRIV004486, PRIV004788, PRIV004789, PRIV004790, PRIV004791, PRIV005304, PRIV005327, PRIV005328, PRIV005385, PRIV005386, PRIV005391 PRIV005392, PRIV005420, PRIV005421, PRIV005422, PRIV005423, PRIV005424, PRIV005425, PRIV005596, PRIV005597, PRIV005608, PRIV005609, PRIV005658, PRIV005659, PRIV005720, PRIV005721, PRIV005738, PRIV005739, PRIV005746, PRIV005747, PRIV005751, PRIV005752, PRIV005767, PRIV005768, PRIV005773, PRIV005774, PRIV005776, PRIV005777, PRIV005778, PRIV005779, PRIV005781, PRIV005782, PRIV005783, PRIV005895, PRIV005897, PRIV005904, PRIV005905, PRIV005906, PRIV006876, PRIV006877, PRIV006945, PRIV006946, PRIV007651, PRIV007652, PRIV007839, PRIV007840, PRIV007854, PRIV007855, PRIV007871, PRIV007872, PRIV007993, PRIV007994, PRIV008008, PRIV008009, PRIV008204, PRIV008205, PRIV008232, PRIV008233, PRIV008234, PRIV008235, PRIV008248, PRIV008249, PRIV010056, PRIV010057, PRIV010244, PRIV010245, PRIV013379, PRIV013380, PRIV013426, PRIV014307, PRIV014571, PRIV014572, PRIV014573, PRIV014574, PRIV014613, PRIV014614, PRIV014636, PRIV014637, PRIV014644, PRIV014645,

3

PRIV014659, PRIV014660, PRIV014717, PRIV014718, PRIV014727, PRIV014728, PRIV014735, PRIV014736, PRIV014746, PRIV014747, PRIV014763, PRIV014764, PRIV014780, PRIV014781, PRIV014932, PRIV014933, PRIV014941, PRIV014942, PRIV014947, PRIV014948, PRIV014972, PRIV014973, PRIV015149, PRIV015150, PRIV015165, PRIV015166, PRIV015167, PRIV015168, PRIV015178, PRIV015179, PRIV015199, PRIV015200, PRIV015225, PRIV015226, PRIV015264, PRIV015265, PRIV017630, PRIV 017631, PRIV019456, PRIV025105, PRIV025106, PRIV026092, PRIV026574, PRIV026575, PRIV026576, PRIV026606, PRIV026607, PRIV026689, PRIV026690, PRIV028729, PRIV028730, PRIV030304, PRIV030309, PRIV031807, PRIV031808, PRIV036641, PRIV036642, PRIV036648, PRIV036650, PRIV036652, PRIV036680, PRIV036994, PRIV037016, PRIV041049, PRIV041642, PRIV041672, PRIV041675, PRIV041752.

The Court concludes that the remaining documents from Packet 5's April 1, 2011 and April 11, 2011 submissions, which are not set forth above, are not discoverable as they do not fall within the scope of the Joint Subject-Matter Listing.

### b. *Packet 6 from April 1, 2011 and April 11, 2011*

Next, the Court conducted in-camera review of Packet 6 from Smith & Nephew's April 1, 2011 and April, 11, 2011 submissions. Packet 6 contained copies of fact work product documents Defendants have designated from Smith & Nephew's privilege log that have been withheld from Defendants based on Smith & Nephew's belief that they fall entirely outside the scope of the Joint Subject-Matter Listing. At the May 26, 2011 Status Conference, the Court determined that in-camera review was appropriate on the issue of whether the documents in Packet 6 fell within the scope of the Joint Subject-Matter Listing.

Upon in-camera review, the Court finds that the following documents from Packet 6's April

1, 2011 submission are discoverable:  PRIV001288, PRIV001289, PRIV004503, PRIV004504, PRIV011819, PRIV015013, PRIV015014, PRIV017807, PRIV018759, PRIV019529, PRIV019548, PRIV024347, PRIV024491.

Further, the Court finds that the following documents from  Packet 6's April 11, 2011 submission are discoverable:    PRIV000534,  PRIV000633,  PRIV000634,  PRIV000874, PRIV002092, PRIV002093, PRIV002123, PRIV002124, PRIV002142, PRIV002251, PRIV002252, PRIV004853, PRIV004854, PRIV004871, PRIV004872, PRIV005416, PRIV005417, PRIV005418, PRIV005419, PRIV005523, PRIV005543, PRIV005544, PRIV005661, PRIV005893, PRIV005894, PRIV006037, PRIV007004, PRIV007005, PRIV007091, PRIV007092, PRIV007802, PRIV007803, PRIV007807, PRIV007882, PRIV007883, PRIV007887, PRIV007936, PRIV008004, PRIV008043, PRIV008044, PRIV008196, PRIV008359, PRIV008364, PRIV008450, PRIV008451, PRIV008461, PRIV008462, PRIV008464, PRIV008465, PRIV008478, PRIV008483, PRIV008484, PRIV008489, PRIV008490, PRIV008499, PRIV008573, PRIV008611, PRIV008612, PRIV008614, PRIV008615, PRIV008617, PRIV008618, PRIV008630, PRIV008631, PRIV008695, PRIV008696, PRIV008744, PRIV008745, PRIV008804, PRIV008805, PRIV008877, PRIV008878, PRIV009250, PRIV009352, PRIV009368, PRIV009966, PRIV 009967, PRIV009968, PRIV009969, PRIV009971, PRIV009974, PRIV009975, PRIV009976, PRIV009980, PRIV011868, PRIV011918, PRIV011932, PRIV011933, PRIV013523, PRIV013661, PRIV013662, PRIV013670, PRIV013671, PRIV013986, PRIV013987, PRIV014118, PRIV014122, PRIV014123, PRIV014124, PRIV014131, PRIV014134, PRIV014157, PRIV014163, PRIV014171, PRIV014180, PRIV014208, PRIV014225, PRIV014232, PRIV014238, PRIV014245, PRIV014291, PRIV014294, PRIV014302, PRIV014303, PRIV014350, PRIV014360, PRIV014588, PRIV014589, PRIV014721, PRIV014722, PRIV015073, PRIV015074, PRIV015139,

PRIV016290, PRIV036237, PRIV036238, PRIV036615, PRIV036669, PRIV036670, PRIV036671, PRIV036681, PRIV036684, PRIV036770, PRIV036951, PRIV037067, PRIV037354, PRIV037498, PRIV037785, PRIV037800, PRIV037848, PRIV038415, PRIV038480, PRIV039602, PRIV039621, PRIV039624, PRIV039627, PRIV041563, PRIV042051, and PRIV042972.

The Court concludes that the remaining documents from Packet 6's April 1, 2011 and April 11, 2011 submissions, which are not set forth above, are not discoverable as they do not fall within the scope of the Joint Subject-Matter Listing.

### c. Packet B from June 3, 2011

The Court conducted in-camera review of Packet B from Smith & Nephew's June 3, 2011 post-hearing submission, which contains certain redacted versions of documents previously submitted in Packet 4 of the April 1, 2011 and April 11, 2011 submissions.[3]  The proposed redactions in Packet B fall into three categories: (1) redacted material is outside the scope of the Joint Subject-Matter Listing; (2) redacted material is "not a description by Smith & Nephew personnel, but rather evaluation of outside counsel"; and (3) redacted material is both outside the scope of the Joint Subject-Matter Listing and "not a description by Smith & Nephew, but rather an

---

[3] Smith & Nephew requested that the Court consider whether redactions were appropriate on thirty-one of the documents as originally submitted unredacted in Packet 4 and as later submitted with proposed redactions in Packet B.  These documents are PRIV004776, PRIV004777, PRIV004827, PRIV004924, PRIV006727, PRIV010080, PRIV010310, PRIV013434, PRIV013590, PRIV014775, PRIV018765, PRIV024447, PRIV027955, PRIV027989, PRIV028528,  PRIV028530, PRIV030225, PRIV031457, PRIV031460, PRIV031477, PRIV031653, PRIV032911, PRIV032912, PRIV033760, PRIV033762, PRIV033827, PRIV033998, PRIV036979, PRIV038858, PRIV038969, PRIV041671.  Smith & Nephew further advised that, in order to diminish the burden on the Court, it has not proposed revisions for the remaining documents that were originally submitted in Packet 4 and will produce those documents in unredacted form if the Magistrate Judge's Order is affirmed on appeal.

evaluation by outside counsel."

Upon review, the Court's May 19, 2011 Order determined that, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, all materials of the same subject matter as the materials provided to the FDA should be discoverable subject to the Protective Order. The Court finds that this conclusion is applicable with respect to redactions such that portions of documents that do not pertain to the same subject matter may be redacted accordingly. Accordingly, with respect to Packet B, Smith & Nephew shall be permitted to redact all information that it has identified in the proposed redactions as outside the Joint Subject-Matter Listing, including information that has been identified as outside the Joint Subject-Matter Listing that also contains an evaluation of outside counsel. However, with respect to the proposed redactions on the basis that the material is an evaluation of outside counsel, the Court's May 19, 2011 Order concluded that such information is discoverable in accordance with Rule 26 and Rule 502. Accordingly, Smith & Nephew shall not be permitted to redact any information on the basis that it is an "evaluation of outside counsel."

### d. Packet A from June 3, 2011

Next, the Court conducted in-camera review of Packet A from Smith & Nephew's June 3, 2011 submission. Packet A contained redacted and unredacted copies of twenty-eight documents[45]

---

[4] Smith & Nephew further explains that, in Order to diminish the burden on the Court, it included "only the most complete and final versions of these documents" despite the fact that "numerous drafts and fragments of a number of these documents also exist." Smith & Nephew stated that it was under the understanding that, if required to produce the final draft to Defendants, it would be required to produce any drafts and fragments as well. The Court agrees that such production is appropriate.

[5] Packet A contains the following documents: PRIV048688, PRIV004829, PRIV006442, PRIV011860, PRIV018784, PRIV018785, PRIV018788, PRIV018790, PRIV018791,

withheld by Smith & Nephew as attorney-client privileged communications and attorney opinion work product on the basis that the documents contained "after-the-fact outside counsel work-product for remedial/self-critical purposes."

The proposed redactions in Packet A fall into the same three categories as Packet B, discussed, *supra*, Section I.c: (1) redacted material is outside the scope of the Joint Subject-Matter Listing; (2) redacted material is "not a description by Smith & Nephew personnel, but rather evaluation of outside counsel"; and (3) redacted material is both outside the scope of the Joint Subject-Matter Listing and "not a description by Smith & Nephew, but rather an evaluation by outside counsel." For the reasons already set forth, the Court concludes that Smith & Nephew may redact all material it has identified as outside the scope of the Joint Subject-Matter Listing, including material it has identified as outside the scope of the Joint Subject-Matter Listing that contains an evaluation of outside counsel. However, Smith & Nephew shall not be permitted to redact material solely on the basis that it contains an evaluation of outside counsel.

**IT IS SO ORDERED** this 17th day of June, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

PRIV024615, PRIV028736, PRIV028777, PRIV028779, PRIV032145, PRIV032277, PRIV032280, PRIV032281, PRIV036411, PRIV036413, PRIV036591, PRIV036592, PRIV036863, PRIV0038521, PRIV038530, PRIV038531, PRIV041562, PRIV042979, and PRIV048689.